**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA TRAVAGLINI AND PASQUALE TRAVAGLINI (h/w), 2 Killington Court, Erial, New Jersey 08081,      Plaintiffs, | CIVIL ACTION<br><br>NO.<br><br>**JURY TRIAL DEMANDED** |
| vs. | |
| SPLASH MAGIC RV RESORT, LLC, 213 Aspen Lane, Northumberland, Pennsylvania 17857,      Defendant. | |

**CIVIL ACTION COMPLAINT OF**
**PLAINTIFFS PATRICIA AND PASQUALE TRAVAGLINI**

Plaintiffs Patricia Travaglini and Pasquale Travaglini (collectively hereinafter "Plaintiffs"), by and through their undersigned attorneys, Fleck Eckert Klein McGarry LLC, hereby file this Civil Action Complaint against Defendant Splash Magic RV Resort, LLC (hereinafter "Defendant"), and in support thereof, avers as follows:

**The Parties**

1.      Plaintiff Patricia Travaglini (hereinafter "Plaintiff-Wife") is an adult individual residing at 2 Killington Court, Erial, New Jersey, 08081.

2.      Plaintiff Pasquale Travaglini (hereinafter "Plaintiff-Husband") is an adult individual residing at 2 Killington Court, Erial, New Jersey, 08081.

3.      Plaintiffs are husband and wife and residents of the State of New Jersey.

4.      Defendant Splash Magic RV Resort, LLC, is a Pennsylvania domestic limited liability company with a principal place of business located at 213 Aspen Lane, Northumberland, Pennsylvania 17857.

5.      At all times material hereto, Defendant exclusively owned, operated, controlled and maintained a water park located at 213 Aspen Lane, Northumberland, Pennsylvania 17857.

6.      At all times material hereto, Defendant acted by and through its agents, ostensible agents, servants, workmen and/or employees who were at all times material hereto acting within the course and scope of their agency, authority, and employment.

## Jurisdiction and Venue

7.      As set forth in length below, Plaintiffs' damages exceed $75,000.00.

8.      28 U.S.C. §1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

9.      Further, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1)-(2), as the Defendant Splash Magic RV Resort, LLC, is located in this district and the events giving rise to this claim occurred in this judicial district.

## Facts Relevant to All Counts

10.     On or about July 25, 2022, Plaintiffs, along with their children and grandchildren, paid the usual and customary price of admission to utilize Defendant's water park.

11.     At all times material hereto, Plaintiffs were lawful business invitees of Defendant.

12.     After entering the water park, Plaintiff-Wife began to walk towards the "kiddie pool" area to join Plaintiff-Husband and their great-granddaughter.

13.     When Plaintiff-Wife carefully and cautiously entered the "kiddie pool" area, she was caused to slip and fall due to an unreasonably slippery surface she encountered.

14.     Plaintiff-Wife fell to the ground, sustaining a serious injury to her left leg and back, which would require immediate medical attention.

15.     While awaiting medical attention, Plaintiffs notified Defendant's employees at the water of park of Plaintiff-Wife's fall.

16.     Defendant's employees at the water park informed Plaintiffs that they were aware of prior complaints regarding the unreasonably slippery conditions in the area where Plaintiff-Wife fell, had theories as to what was causing this unreasonably slippery condition, but failed to take any steps to prevent it.

17.     Shortly following the incident, Plaintiff-Wife was transported to Geisinger Hospital ("Geisinger") in Danville, Pennsylvania, where she was diagnosed with a left distal femoral fracture.

18.     The next day, July 26, 2022, Plaintiff-Wife was required to undergo emergency open reduction and internal fixation surgery on her left femur, requiring the insertion of a rod into her left leg to support her left femur.

19.     After spending eleven (11) days in Geisinger, Plaintiff-Wife was discharged on August 4, 2022, to the Kessler Institute for Rehabilitation ("Kessler") in Marlton, New Jersey for in-patient rehabilitation, where she would remain for an additional eight (8) days.

20.     On August 12, 2022, nineteen (19) days after the incident, Plaintiff-Wife was discharged home.

21.      On August 15, 2022, Plaintiff-Wife began treatment with Professional Physical Therapy in Sicklerville, New Jersey, where she would undergo aggressive physical therapy for the next several months.

22.     This incident solely resulted from the negligence, careless, and/or recklessness of Defendant, its agents, ostensible agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs.

23.    As a result of the aforesaid incident, resulting solely from the negligence, carelessness, and/or recklessness of the Defendant, its agents, ostensible agents, servants, workmen and/or employees, Plaintiffs suffered the aforementioned injuries, which are serious and permanent in nature, and which Plaintiffs may continue to suffer from for an indefinite period of time in the future.

24.    As a result of the aforesaid incident, resulting solely from the negligence, carelessness, and/or recklessness of the Defendant, its agents, ostensible agents, servants, workmen and/or employees, Plaintiffs have been obliged to receive and undergo medical attention and care, incurring various costs and expenses, and may continue to expend and incur for an indefinite period of time in the future.

25.    As a result of the aforesaid incident, resulting solely from the negligence, carelessness, and/or recklessness of the Defendant, its agents, ostensible agents, servants, workmen and/or employees, Plaintiffs have suffered a severe loss of their earnings and impairment of their earning capacity and power, all of which may continue for an indefinite period of time in the future.

26.    As a result of the aforesaid incident, resulting solely from the negligence, carelessness, and/or recklessness of the Defendant, its agents, ostensible agents, servants, workmen and/or employees, Plaintiffs have suffered physical pain and trauma, mental anguish, humiliation, and may continue to suffer the same for an indefinite period of time in the future.

27.    As a result of the aforesaid incident, resulting solely from the negligence, carelessness, and/or recklessness of the Defendant, its agents, ostensible agents, servants, workmen and/or employees, Plaintiffs have suffered diminution in their ability to enjoy life and life's pleasures, all of which may continue for an indefinite period of time in the future.

28.     The negligence, carelessness, and/or recklessness of the Defendant, its agents, ostensible agents, servants, workmen and/or employees, was the sole and proximate cause of the injuries and damages to the Plaintiffs as set forth above.

## COUNT I—NEGLIGENCE
**Plaintiff-Wife v. Defendant**

29.     Plaintiffs hereby incorporate the preceding paragraphs of the Complaint as though fully set forth herein at length.

30.     The negligence, carelessness, and recklessness of Defendant, its agents, ostensible agents, servants, workmen and/or employees, which was the direct and proximate cause of Plaintiff-Wife's injuries and damages, consisted of, but are not limited to:

a.  Failing to adequately maintain the "kiddie pool" area;

b.  Failing to take steps to provide for the safety of business invitees such as Plaintiffs;

c.  Failing to provide a safe and adequate passageway into the "kiddie pool" for business invitees such as Plaintiffs;

d.  Failing to provide warnings of the unsafe and hazardous conditions in the "kiddie pool" area for business invitees such as Plaintiffs;

e.  Failing to remediate known dangerous and hazardous conditions in the "kiddie pool" area prior to Plaintiff-Wife's fall;

f.  Permitting known dangerous and hazardous conditions related to the "kiddie pool" to exist for a perpetual amount of time;

g.  Failing to provide duties for which Defendant had assumed;

h.  Allowing known dangerous hazardous conditions to exist in the "kiddie pool" area subjecting business invitees such as Plaintiffs to an unreasonable risk of harm;

i.  Failing to exercise reasonable care to protect against the known dangerous and hazardous conditions existing in the "kiddie pool" area; and

j.  Being otherwise negligent, careless, and/or reckless as may be determined throughout the discovery and/or trial of this case.

31.     As a direct and proximate result of the Defendant, its agents, ostensible agents, servants, workmen and/or employees' negligent, careless, and reckless conduct, Plaintiff-Wife has suffered injuries which are serious and permanent in nature, including but not limited to a left femoral distal fracture and other various ailments and/or injuries which Plaintiff-Wife may continue to suffer from for an indefinite period of time in the future.

32.     As a direct and proximate result of Defendant, its agents, ostensible agents, servants, workmen and/or employees' negligent, careless, and reckless conduct, Plaintiff-Wife has been forced to undergo substantial medical, surgical, and rehabilitative treatment and care, which will continue indefinitely into the future.

33.     As a direct and proximate result of Defendant, its agents, ostensible agents, servants, workmen and/or employees' negligent, careless, and reckless conduct, Plaintiff-Wife has suffered and will continue to suffer serious economic loss, including but not limited to, bills for medical treatment, medication, physical therapy, and other necessary treatment.

34.     As a direct and proximate results of Defendant, its agents, ostensible agents, servants, workmen and/or employees' negligent, careless, and reckless conduct, Plaintiff-Wife has suffered and will continue to suffer loss of earnings and impairment of earning capacity.

35.     As a direct and proximate results of Defendant, its agents, ostensible agents, servants, workmen and/or employees' negligent, careless, and reckless conduct, Plaintiff-Wife has been and will continue to be unable to attend to normal duties and activities and has suffered and will continue to suffer a diminution in the ability to enjoy life and life's pleasures.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against the Defendant in an amount in excess of $75,000.00, together with

punitive damages, costs, interest, attorneys' fees, and any other such relief this Honorable Court

deems just and appropriate.

## COUNT II—LOSS OF CONSORTIUM
### Plaintiff-Husband v. Defendant

36.    Plaintiffs hereby incorporate the preceding paragraphs of the Complaint as though

fully set forth herein at length.

37.    As a direct and proximate result of Defendant, its agents, ostensible agents,

servants, workmen and/or employees' negligent, careless, and reckless conduct, Plaintiff-Husband

has lost the aid, comfort, care, society, companionship, intimacy, and consortium of Plaintiff-Wife,

a claim for which is herein made.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment

in their favor and against the Defendant in an amount in excess of $75,000.00, together with

punitive damages, costs, interest, attorneys' fees, and any other such relief this Honorable Court

deems just and appropriate.

**FLECK ECKERT KLEIN MCGARRY LLC**

DATE: July 18, 2024                    BY:     */s/ Patrick J. Brennan*
                                               Andrew C. Eckert, Esquire
                                               Patrick J. Brennan, Esquire
                                               158 W. Gay Street, Suite 200
                                               West Chester, PA 19380
                                               Phone: 484-402-7802
                                               Facsimile: 484-402-7740
                                               Email: aeckert@fekmlaw.com
                                               Email: pbrennan@fekmlaw.com
                                               Attorneys for Plaintiffs